**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4274**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JAMES O'BRIEN LACKARD,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (1:12-cr-00301-JAB-1)

Submitted: December 13, 2013     Decided: December 31, 2013

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory Stuart Smith, LAW OFFICES OF GREGORY S. SMITH, Washington, D.C., for Appellant. Ripley Rand, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James O'Brien Lackard appeals his 121-month sentence, which was imposed after he pled guilty pursuant to a plea agreement to one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (2012). Lackard asserts that his sentence is both procedurally and substantively unreasonable, and he asks that we remand his case to the district court so the Government may consider whether, given the Department of Justice's recent memoranda regarding charging crimes carrying statutory mandatory minimum sentences, it wishes to again charge him with the crime of which he was convicted. After considering Lackard's arguments, we affirm the district court's judgment.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, ___ U.S. ___, 133 S. Ct. 216 (2012); see Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence

based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error like those at issue here, which it has made before the district court, we review for abuse of discretion. If we find such abuse, we reverse unless we conclude that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576–77. If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Because Lackard requested a sentence different than the one ultimately imposed by the district court, we review his sentence for abuse of discretion. King, 673 F.3d at 283.

Lackard's arguments to the contrary, we discern no procedural sentencing error by the district court. Although Lackard asserts that the district court erred when it denied his

3

request for a downward departure because he argues the district court erroneously combined the substantive contours applicable to his requests for a departure and variant sentence, the record does not support this argument. Rather, the record establishes that the district court considered what it was required to consider in determining whether a departure was warranted and there is no indication that the district court misunderstood its authority to depart. See U.S. Sentencing Guidelines Manual ("USSG") § 5H1.6, p.s. (2012) ("In sentencing a defendant convicted of an offense other than an offense [not at issue on this appeal], family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted."); see also Gall, 552 U.S. at 49-50 (holding that although "the Guidelines should be the starting point and the initial benchmark" of calculating a proper sentence, the district court "should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party"); United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008) (holding that this court "lack[s] the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so").

Although Lackard also asserts that the district court erred because it allegedly never considered whether a one-month departure was appropriate, Lackard primarily and specifically

4

asked the district court to consider allowing him to stay at home to care for his children rather than receive prison time. Although defense counsel eventually asked for "some level of departure[,]" the record confirms that the district court carefully considered this request but determined that no departure was warranted and that a 121-month sentence was an adequate sentence.

Because Lackard's 121-month sentence was the bottom of his Guidelines range, we presume on appeal that the within-Guidelines sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010) ("[W]e may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable."). In an attempt to rebut the presumption afforded his within-Guidelines sentence, Lackard argues that the district court erred when it determined that Lackard's care for his disabled son had to be "irreplaceable" before Lackard could qualify for a downward departure under USSG § 5H1.6. Although Lackard acknowledges that this was the standard employed by this court before United States v. Booker, 543 U.S. 220 (2005), Lackard suggests that the continuing viability of this standard is in "doubt post-Booker."

Lackard's suggestion to the contrary, however, the Guidelines are still to be considered in determining an

5

appropriate sentence. See Gall, 552 U.S. at 49 ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."). In addition, because the district court specifically addressed several § 3553(a) factors before imposing Lackard's sentence and explicitly tied them to Lackard's case, we find that Lackard has failed to rebut the presumption of reasonableness afforded his within-Guidelines sentence. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) ("A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors.") (brackets omitted).

Lackard finally asks that we remand his case to the district court so that the Government may determine whether it would again charge him with a crime carrying a mandatory minimum sentence under the U.S. Department of Justice's new policy on charging such crimes. Other than his summary assertion that a remand for reconsideration "would only be fair" because his case is not yet final, Lackard presents no evidence to establish that the Government's failure to apply its new policy in this case would violate his equal protection rights. See United States v. Armstrong, 517 U.S. 456, 464 (1996) (holding that given the broad discretion afforded federal prosecutors to enforce the United States' criminal laws, "in the absence of clear evidence

6

to the contrary, courts presume that [federal prosecutors] have properly discharged their official duties") (internal quotation marks, brackets and citation omitted); United States v. Chemical Found., 272 U.S. 1, 14–15 (1926) (holding that to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present "clear evidence to the contrary"). Accordingly, we refuse Lackard's request to remand this case.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED